# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 17-0986V
### Filed: June 20, 2018
UNPUBLISHED

---

WILLIAM NISCHBACH,

               Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

               Respondent.

---

Special Processing Unit (SPU);
Damages Decision Based on Proffer;
Influenza (Flu) Vaccine; Shoulder
Injury Related to Vaccine
Administration (SIRVA)

---

*Leah VaSahnja Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC, for petitioner.*
*Adriana Ruth Teitel, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On July 21, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that he suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza vaccination received on October 11, 2016. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On April 30, 2018, a ruling on entitlement was issued, finding petitioner entitled to compensation for his SIRVA. On June 19, 2018, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded $101,150.00, which is comprised of $1,151.23 for petitioner's past out of pocket expenses and $99,998.77 for his past and future pain and suffering. Proffer at 1. In the Proffer, respondent

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

represented that petitioner agrees with the proffered award.  Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **the undersigned awards petitioner a lump sum payment of $101,150.00 (representing $1,151.23 for petitioner's past out of pocket expenses and $99,998.77 for his past and future pain and suffering) in the form of a check payable to petitioner, William Nischbach.**  This amount represents compensation for all damages that would be available under § 300aa-15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

WILLIAM NISCHBACH,

                Petitioner,

     v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

              Respondent.

No. 17-986V
Chief Special Master Dorsey
ECF

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On April 30, 2018, respondent filed a Rule 4(c) Report conceding that petitioner is entitled to vaccine compensation for his Shoulder Injury Related to Vaccine Administration ("SIRVA") injury. That same day, April 30, 2018, the Chief Special Master issued a Ruling on Entitlement adopting respondent's recommendation.

## I.      Compensation for Vaccine Injury-Related Items

Respondent proffers that based on the evidence of record, petitioner should be awarded $101,150.00, comprised of $1,151.23 for petitioner's past out of pocket expenses and $99,998.77 for his past and future pain and suffering. This amount represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

## II.      Form of the Award

Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below, and requests that the special master's decision

and the Court's judgment award the following:[1]

> A lump sum payment of $101,150.00 in the form of a check payable to petitioner, William Nischbach.  This amount accounts for all elements of compensation under 42 U.S.C. § 300aa-15(a) to which petitioner would be entitled.

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

ALEXIS BABCOCK
Assistant Director
Torts Branch, Civil Division

*/s/ Adriana Teitel*
ADRIANA TEITEL
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Benjamin Franklin Station
Washington, DC 20044-0146
Tel:  (202) 616-3677

Dated: June 19, 2018

---

[1] Should petitioner die prior to entry of judgment, respondent reserves the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.